# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOE DURAN

    Plaintiff,

v.                                                                          Civ. No. 13-CV-608 WJ/SCY

HOME DEPOT USA, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

THIS MATTER comes before the Court on Plaintiff's Counsel's Motion to Withdraw (*doc. 42*). The motion will be **DENIED**.

To protect litigants and the judicial process, the Local Rules of this District impose numerous requirements on attorneys wishing to withdraw. First, counsel must ascertain if the client consents to the withdrawal. If so, and if the withdrawal is also unopposed by the other parties, the motion must comply with Rule 83.8(a). D.N.M.LR-Civ. 83.8(a). Rule 83.8(a) requires that the motion "indicate consent of the client." *Id.* Moreover, the motion must include the "notice of appointment of substitute attorney; or a statement of the client's intention to appear *pro se* and the client's address and telephone number." *Id*.

If, on the other hand, the withdrawal is opposed, the motion must comply with Rule 83.8(b). D.N.M.LR-Civ. 83.8(b). Rule 83.8(b) requires that the motion (1) "give notice in the motion that objections must be served and filed within fourteen . . . days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion" and (2) be "file[d] and serve[d] on all parties, including the client." *Id*.

Plaintiff's Counsel's Motion fails to affirmatively indicate whether his client consents to the Motion or opposes the Motion. Instead, it contains all required elements of both Rule 83.8(a) and 86.8(b). In other words, the Motion does not comply with Rule 83.8 and it must be denied. The Court notes that a motion to withdraw should be treated as an opposed motion if the client refuses to respond to counsel's inquiry concerning consent.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's counsel's Motion to Withdraw (*doc. 42*) is DENIED without prejudice to being re-filed.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE