IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE DURAN,

        Plaintiffs,

    vs.                                             Case No. CIV 13-0608 WPJ/SCY

HOME DEPOT USA, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING DISCLOSURE OF COMMUNICATIONS AND INFORMATION FROM PLAINTIFF'S CLIENT FILE
## and
## SETTING EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

THIS MATTER comes before the Court following the Court's Order for Supplemental Briefing, Doc. 67. The issues presently before the Court arise from a letter of agreement that was executed by counsel for both parties to memorialize terms of a settlement reached after negotiations between counsel for Home Depot and Plaintiff's former attorney, Mr. Richard Marquez, who was allowed to withdraw from the case. Doc. 69. The Court deferred ruling on pending motions related to Defendant's motion to enforce the settlement, (Defendant's Motion to Enforce Settlement, Doc. 44; and Plaintiff's Motion for Order to Show Cdause and for Sanctions, Doc. 57) and instead ordered briefing on the following issues:

1. Standing of Home Depot to brief and participate in these matters;

2. Application of the following to this case:

    a. apparent authority in settlement
    b. apparent authority in settlement negotiations;
    c. Attorney-Client privilege and Work Product Doctrine

      d.  New Mexico Rules of Professional Conduct, Rules 16-106D NMRA and 11-503(D)(3) NMRA; and

   3.  Case Procedure regarding Defendant's Motion to Enforce.

*See* Doc. 67.  Responses to the Court's Order for supplemental briefing were filed by Mr. Harry Jacobus, Plaintiff's current attorney, and Mr. Arthur Smith, counsel for Home Depot.  Plaintiff's former attorney, Mr. Richard Marquez, filed no response to the substantive questions, but filed a privilege log as ordered by the Court, *see* Doc. 67 at 1, n.1.  Since the Court's Order for briefing spans a considerable subject area, the Court presents the issues in their proper contexts of (1) disclosure and production of Plaintiff's client file, and (2) Defendant's motion to enforce—which is the reason all these issues are being raised in the first place.  The Court has considered the parties' supplemental briefs, and makes the findings below.

**I.**      **Production of Plaintiff's File**

     Plaintiff has received a large portion of his client file, but not everything in the file.  He also seeks to obtain all the material listed on Mr. Marquez' privilege log as privileged or work product.  Plaintiff questions whether attorney-client privilege should be considered a substantive or procedural issue, and suggests certification of the issue to the New Mexico Supreme Court.  However, Plaintiff's counsel could have easily arrived at the answer by referring to this Court's local rules, which have expressly adopted the New Mexico Supreme Court's Rules of Professional Conduct and require that lawyers appearing in this District must comply with these rules.  D.N.M.LR-Civ. 83.9; *see also* D.N.M.LR-Civ. 83.2(b) (requiring attorneys to certify that they are familiar with the Rules of Professional Conduct).

     Home Depot claims it is entitled to any and all material in Plaintiff's file that relate to the settlement of the case because (1) any such material is relevant to Home Depot's claim that there is an enforceable settlement and the materials are discoverable under Fed.R.Civ.P. 26(b)(1) and

because (2) any notes or material concerning settlement authority are either not protected by the attorney-client privilege and/or are covered by an exception to the privilege. However, Defendant cannot rely on Rule 26(b)(1) without first contending with privilege issues. Rule 26(b)(1) allows discovery "regarding any *nonprivileged matter* that is relevant to any party's claim or defense." Thus, simply because Mr. Marquez' notes may be *relevant* to the issue of settlement authority does not necessarily mean they are discoverable under Rule 26(b)(1):

> Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged . . . A party does not lose the privilege to protect attorney client communications from disclosure in discovery when his or her state of mind is put in issue in the action. While the attorney's advice may be relevant to the matters in issue, the privilege applies as the interests it is intended to protect are still served by confidentiality.

*Public Serv. Co. of NM v. Lyons,* 129 N.M. 487, 494 (Ct.App. 2000). Rule 26 also allows a party to withhold information from discovery on a claim of privilege or work product. *See* Rule 26(b)(5)(A) (claiming privilege or protecting trial-preparation materials). For the same reason, the fact that Plaintiff's current counsel issued a subpoena under Rule 45 in order to compel Mr. Marquez to turn over Plaintiff's file does not automatically allow Home Depot to obtain a copy of the file as well. Mr. Marquez has asserted privilege and work product protection, *see* Docs. 59 & 61, and while these assertions will not prevent Plaintiff from getting a copy of his own file, they must be considered with regard to whether Home Depot can obtain information from the file.

A.  <u>Distinctions Between Attorney-Client Privilege and Work Product Doctrine</u>

The attorney-client privilege protects communications between counsel and client unless the client gives consent for disclosure. *See* New Mexico Rules of Professional Conduct, 11-503 and 16-106 NMRA; *see In Re Vargas et al. v. U.S.,* 723 F.3d 1461 (10th Cir. 1983) (attorney cannot waive attorney-client privilege without client's consent). The work product doctrine,

however, has a different purpose from the attorney-client privilege, although Plaintiff's counsel conflates the two.[1] The work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F.Supp.2d 1342, 1358 (D.N.M.2002) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975).  The work-product protection is broader in scope than attorney-client privilege because the privilege extends only to client communications, while the work-product protection encompasses much that has its source outside client communications. *See Murphy v. Gorman*, 271 F.R.D. 296, 310 (D.N.M. 2010) (citing United States v. Nobles, 422 U.S. at 238).   The objective behind the doctrine is not to protect a confidential relationship, but rather to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the *opponent*.  *U.S. v. AT&T,* 642 F.2d 1285, 1299 (D.C.Cir. 1980) (emphasis added); *See, e.g., In re R.A. Potts & Co.,* 30 B.R. 708, 711-12 (E.D.Pa. 1983) ("purpose of the doctrine is to protect material from adversaries and not necessarily from the rest of the world; waiver occurs only if disclosure to a third party substantially increases the possibility that an adversary could get the information"). Work product is not automatically subsumed when the attorney-client privilege is raised as an objection to production of a document.

Waiver for attorney-client privilege and work product must be considered separately. *See Carey-Canada, Inc. v Aetna Cas. & Sur. Co.*, 118 F.R.D. 242, 248 (D.D.C. 1987) (failure to separately raise work-product protection constituted waiver where claim of privilege failed); *In

---

[1]   In stating that work product protection does not preclude Mr. Marquez from turning over his notes to his client, Plaintiff's counsel refers to a case that mentions only the attorney-client privilege, and does not mention the work-product doctrine at all.  See Doc. 71 at 4.  In the Court's Order for supplemental briefing, counsel was directed to "brief the above issues succinctly and with relevant case law and arguments") (emphasis added).  Doc. 67 at 2.   In short, Plaintiff's current counsel has not provided any case law at all to aid the Court in determining whether Plaintiff is entitled to this material, and the Court's analysis is based on its own research.

*re Grand Jury*, 106F.R.D. 255, 257 (D.N.H. 185) (Defendant's waiver of attorney-client privilege does not necessarily mean that the protection afforded by the work-product doctrine is also breached); *Duplan Corp. v. Deering Milliken, Inc*., 540 F.2d 1215, 1222 (4th Cir. 1976) (waiver applicable to claims of attorney-client privilege are inappropriate when applied to Rule 26(b)(3)"); *Hercules, Inc. v. Exxon Corp*., 434 F.Supp. 136, 156 (D.Del. 1977) ("Since the attorney-client privilege is the client's privilege, while work-product immunity may be invoked only by the attorney, waiver of attorney-client privilege does not necessarily also waive work-product immunity, as to an attorney's memoranda on the same subject").

B.      <u>Attorney-Client Privilege</u>

Both Plaintiff and Defendant seek information from Plaintiff's file.

1.      *Plaintiff as Client*

The client is the holder of the attorney-client privilege. *See* Rule 11-503(B) & (C) NMRA. In this case, Plaintiff has requested that Mr. Marquez turn over his complete file to him, for use by his new attorney Mr. Jacobus. Mr. Marquez did not do so immediately because he was waiting for Plaintiff to reimburse him for the copying costs. Later, when Plaintiff's current attorney Mr. Jacobus subpoenaed the file, Mr. Marquez was hesitant to produce the file because he was concerned that requesting the file by subpoena had waived Plaintiff's attorney-client privilege. *See* Docs. 57 and 59 (Pltff's Mot. for Order to Show Cause and for Sanctions). The Court does not intend to take up here whether the delay in turning over the file to Plaintiff was justified, nor will the Court comment on the wisdom of Mr. Jacobus' choice in issuing a subpoena for the file instead of simply seeking the Court's intervention to compel its production.

Mr. Marquez has been ordered to turn over Plaintiff's file to Mr. Jacobus. Doc. 67 at 1, n.1. He has filed with the Court and produced to counsel of record a privilege log, which

includes what Mr. Marquez considers to be material subject to both attorney-client privilege and protected by the work product doctrine. Doc. 70. There is no question that Plaintiff is entitled to his complete file. Rule 16-116(D) NMRA provides for an "orderly termination" under which an attorney has the duty to turn over to the client all papers and property to which he is entitled. Since Plaintiff owns the attorney-client privilege, Mr. Marquez cannot refuse to provide Plaintiff with material he considers to be subject to that privilege. Also, as the Court will discuss below, Mr. Marquez is also required to produce to Plaintiff all material he considers to be protected as work product.

    2.    *What Materials Home Depot May Obtain*

Home Depot claims it is entitled to all material in Plaintiff's file that relates in any way to settlement of the case. It argues that under New Mexico case precedent and rule, when there is offensive or direct use of privileged materials by a party, that party has waived the attorney-client privilege pursuant to Rule 11-511 NMRA, which states:

> A person who possesses a privilege against disclosure of a confidential matter or communication waives the privilege if the person voluntarily discloses or consents to disclosure of any significant part of the matter or communication.

Rule 11-511 NMRA. Also, where a client makes "direct or offensive" use of his communications with his attorney, waiver will be found as a matter of law. *See Gingrich v. Sandia Corporation,* 142 N.M. 359 (Ct.App. 2007). Home Depot argues that because Plaintiff filed an affidavit with the Court (Doc. 47-1) in which he states that he never verbally consented to Defendant's settlement offer and never authorized his former attorney to accept settlement, Plaintiff has effectively made voluntary disclosures which waive the attorney-client privilege. *See* Doc. 47-1. However, neither Rule 11-511 nor the relevant case law sides with Defendant. Rule 11-511 does not apply here because it pertains to disclosure of a "*confidential* matter or

communication." As the Court will discuss below, communications pertaining to authority to settle cannot be considered "confidential" for these purposes and thus there can be no waiver of material that is not privileged in the first place.    Further, New Mexico law requires *offensive* or *direct* use of privileged materials before a party will be deemed to have waived its attorney-client privileges. *See Public Service Company of New Mexico v. Lyons*, 129 N.M. 487 (N.M.App., 2000).   In *Lyons,* the New Mexico Court of Appeals specifically considered whether plaintiff had made "offensive or direct use" of protected information "as opposed to defensive or passive use . . . ."  The court concluded that:

> [W]aiver of attorney-client privilege is recognized only where a party seeks to limit its liability by describing the advice given by the attorney and by asserting that he relied on that advice, or where direct use is anticipated because the holder of the privilege must use the materials at some point in order to prevail.

129 N.M. at 494.   Plaintiff's defensive protestations in his affidavit that he never authorized settlement does not constitute "direct or offensive" use of privileged communications, and therefore Rule 11-511 will not serve to grant Home Depot access to those communications.

Having found that Plaintiff has not waived attorney-client privilege under Rule 11-511 NMRA or under New Mexico precedent on that basis, the Court turns to other relevant Rules of Professional Conduct: Rule 11-503(D)(3) and 16-106(D).  Plaintiff's counsel correctly notes that subsection D was omitted from Rule 16-106 with the 2008 Amendment.  It appears, however, that the intent of former subsection (D) has been included in subsection B(5) which lists specific circumstances where a lawyer may reveal information relating to the representation of a client where reasonably necessary.  One circumstance in which a lawyer may reveal information relating to the representation of a client, and when reasonably necessary, is:

> to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, . . . or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

7

Rule 16-106(B)(5).[2]  The other rule, Rule 11-503D(3) addresses *exceptions* to the lawyer-client privilege, and states that no privilege exists "[f]or a communication relevant to an issue of breach of duty either by the lawyer to the lawyer's client or by the client to the client's lawyer."

Plaintiff contends that the Rules of Professional Conduct were not intended to be used by a third party to invade the attorney-client privilege.  Home Depot notes that the "mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D 645, 650 (D.N.M. 2007) (quoting *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550-1551 (10th Cir. 1995). It is clear that Rule 106(B)(5) and Rule 11-503(D)(3) allow limited disclosure, but the question here is whether Home Depot as a third party is entitled to communications or information under these rules.  Plaintiff claims that he never gave former counsel authority to settle his case with Home Depot, which constitutes a breach of duty issue.  Thus, information which would normally be considered privileged would be excepted from the privilege in order to allow an inquiry into whether an attorney breached his duty to his client or to resolve a controversy concerning the attorney's representation of his client. *Cmp. United States v. Anderson*, 189 F.3d 1201, 1210 (10th Cir.1999) (when presented with a motion to substitute counsel, "[t]he district court is under a duty to make formal inquiry into defendant's reasons for dissatisfaction with present counsel."). These exceptions do not necessarily open privileged information to a third party with no legal standing to participate in the breach of duty issue.   Here, however, Home Depot's interest in enforcing the settlement agreement intersects with the question of whether Mr. Marquez breached his duty to Plaintiff by settling the case without authority, and so material relevant to

---

[2]  The former Subsection D(3) stated that no privilege exists "[f]or a communication relevant to an issue of breach of duty either by the lawyer to the lawyer's client or by the client to the client's lawyer."

that question (and limited to this question) is excepted from the privilege and may be disclosed to Defendant.³

> Defendant also observes that Rule 11-503(A)(4) states that:
>
> a communication is "confidential" if made privately and not intended for further disclosure except to other persons in furtherance of the purpose of the communication and includes the act of contacting or retaining a lawyer for the purpose of seeking professional legal services if not intended to be disclosed to third persons.

Rule 11-503(A)(4) NMRA.  Defendant contends that a communication regarding whether there was settlement authority falls into the category of communications that were intended to be disclosed to Home Depot, such as communications by Plaintiff to Mr. Marquez either to reject an offer or make a counter-demand.  As such, they would not be protected by the attorney-client privilege.  Neither party was able to locate any New Mexico cases addressing this specific issue. Defendant refers to decisions from other courts that have addressed the issue and which have determined that communications regarding settlement authority are not protected by the attorney-client privilege. *See, e.g., Rubel v. Lowe's Home Centers, Inc.,* 580 F.Supp.2d 626 (N.D.Ohio 2008) (Conveyance of settlement authority from client to counsel is never intended to be confidential); *Peters v. Wallach*, 366 Mass. 622, 321 N.E.2d 806 (1975) ("client's grant of authority to settle must be communicated to the other party to the settlement and is thus not confidential"); *see* Doc. 72 at 6 (citations to other courts finding same).

---

³ In his discussion on Rule 11-503(D)(3), Plaintiff's counsel notes that Mr. Marquez' attorney fee lien gives him a financial interest in this case, connecting the lien with a finding that there is an "automatic waiver" of the attorney-client privilege. Doc. 71 at 8. This comment makes no sense, and appears to have no connection to any of the issues discussed here. First, the Rule counsel cites to, Rule 16-108(I) which forbids an attorney from having a financial interest in a case, carves out an explicit exception for lawyer's fee liens. *See* Rule 16-108(I)(1). Second, Rule 11-503(D)(3) does not concern waiver at all, but rather "exceptions" to the attorney-client privilege, and so counsel's comment about "automatic waiver" has nothing to do with that rule. Third, the fact that Mr. Marquez has filed an attorney's fee lien for his work on the case has no bearing at all on whether there was an agreement to settle, or on whether certain information is privileged.

Plaintiff's counsel suggests certifying the issue to the New Mexico Supreme Court, but the Court finds that Rule 11-503(A)(4) NMRA provides sufficient guidance to determine in this case what communications may be disclosed to Home Depot. Moreover, the Court sees no reason to waste the time and resources of the New Mexico Supreme Court in certifying a question where the answer becomes readily apparent upon a reading of Rule 11-503(A)(4). The rule is straightforward: **communications intended for disclosure to third persons do not constitute confidential communication protected by the attorney-client privilege**. Thus, the Court agrees with Home Depot that it is entitled to communications (including e-mails and/or correspondence) between Plaintiff and Mr. Marquez that are *specific* to the issue of whether Plaintiff gave his attorney authority to settle the case. These disclosures, if they exist, are limited to communications which one can reasonably view as *intended* to be relayed to Home Depot's counsel for purposes of settlement and are relevant to the issue of settlement authority.[4]

Therefore, the Court finds that Plaintiff has not waived privilege on any of his communications with counsel. However, material and communication concerning whether Plaintiff authorized his former attorney to settle his case, and limited to that narrow issue, may be disclosed to Defendant under Rules 16-106(B)(5), Rule 11-503(D)(3) and Rule 11-503(A)(4) NMRA.

C.  Work Product Doctrine

---

[4] The Court rejects a broader category of disclosure, such as any materials or communications concerning settlement, because such materials or communications could include other information that is privileged but not related to the discrete issue of whether Plaintiff gave counsel authority to settle. The language in Rule 11-503(A)(4) is not so broad so as to include disclosure of certain communications, for example, concerning the reasons for settlement or general discussion leading up to final negotiations. The key factor is whether those communications could reasonably be viewed as intended for disclosure.

10

Work Product material is a different matter.  Defendant claims that it is entitled to obtain notes of conversation between Mr. Marquez and Plaintiff regarding Home Depot's offers and Plaintiff's settlement demands, as well as the substance of those conversations.

As discussed previously, the purpose behind the work product doctrine is to promote the adversary system by protecting an attorney's trial preparation from discovery attempts of the opponent.  *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc*., 152 F.R.D. 132, 135 (N.D.Ill. 1993) (citing *Binks Mfg Co. v. Nat'l Presto Ind., Inc*., 709 F.2d 1109, 1118 (1983) (Work product is protected because it would otherwise confer an unfair advantage to a lawyer by allowing him to advance his case based on the work of another attorney, and to unfairly have access to material which would allow him to counteract the other attorney's strategy).  Work product is prepared by an attorney but for a client's benefit.  Either may waive work product protection, but waiver by one is not binding on other.  *Hanson v. U.S. Agency for Int'l Dev.,* 372 F.3d 286, 294 (4th Cir. 2003) ("The ability to protect work product normally extends to both clients and attorneys and the attorney or the client, expressly or by conduct, can waive or forfeit it, but only as to himself").

     1.    *Plaintiff Is Entitled to Contents of Entire File*

There is no valid reason for Mr. Marquez to withhold parts of the file from Plaintiff on the basis of the work product doctrine.  The purpose of the doctrine is protection against an opponent.  Plaintiff is not an opponent.  Work product was prepared for his benefit, and he is entitled to all material in his file.  *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc*., 136 F.3d 695, 704 (10th Cir. 1998) (work product doctrine encourages attorneys to prepare thoroughly for trial without fear that their thoughts and efforts will be disclosed to an opponent).  The Court

thus finds that Mr. Marquez must turn over Plaintiff's *complete* file to Plaintiff, and cannot withhold any material he contends are subject to either attorney-client privilege or work product.

2.  *Home Depot is Not Entitled to Work Product Material*

On the other hand, the Court finds no legal basis to give Home Depot access to material that is protected as work product. Documents and material prepared in anticipation for trial and for Plaintiff's benefit has no specific relevance to the issue of whether Plaintiff authorized settlement. Similarly, material that qualifies as former counsel's mental impressions, conclusions, opinions or legal theories is not part of information that was ever intended to be disclosed to opposing counsel, and thus there is no basis for disclosure of this material. Further, courts are particularly reluctant to order disclosure of such material. *See* Fed.Rule P. 26((b)(3)(B).

**II.     Motion to Enforce**

The Court required the parties to brief the question of whether apparent authority applied in this case, and describe the procedure the Court should follow in making that determination.

A.     <u>Apparent Authority</u>

A party seeking enforcement of a settlement agreement "has the burden of establishing assent by the opposing party." *Augustus v. John Williams & Assoc., Inc.,* 92 N.M. 437, 439 (1979), cited in *Gomez v. Jones-Wilson,* 294 P.3d 1269 (N.M. 2013); *see also Anschutz v. Radiology Associates of Mansfield, Inc., et al*., 827 F.Supp. 1338, 1343 (N.D.Ohio 1993) (party moving to enforce the purported agreement bears the burden of showing, by clear and convincing evidence, that the parties in fact formed a binding agreement); *Samra v. Shaheen Business & Investment Group, Inc.,* 355 F.Supp.2d 483, 493 (D.C. 2005) (accord); *Augustus v.*

*John Williams & Assoc., Inc.,* 92 N.M. 437, 439 (1979) (While a client may authorize his or her attorney to settle a claim, "such authority must be clear and unequivocal").

Plaintiff contends that in this case, there is no showing that Mr. Marquez had apparent authority to enter into a settlement. Home Depot claims that it is not relying on apparent authority because Mr. Marquez had specific and express authority to do so. However, Home Depot's stance begs the question, which is whether Plaintiff did in fact give Mr. Marquez that authority. Since Plaintiff claims he did not, Home Depot has the burden of showing conduct *on the part of Plaintiff* authorizing his attorney to settle. *See Gomez,* 294 P.3d at 1275. Hiring an attorney is not enough to confer apparent authority in matters that are reserved for client decision such as approving a settlement. To create apparent authority in such matters, the client "must do more than simply retain the lawyer." *Gomez v. Jones-Wilson,* 294 P.3d 1269, 1275 (N.M. 2013) (citing Restatement (Third) of the Law Governing Lawyers, § 276, cmt. a.).

It is the client's conduct, and not the attorney's, that gives rise to apparent authority. *Gomez,* 294 P.3d at 1275. In *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.,* the tribal client stood up in open court and proclaimed that he understood and accepted the settlement. 106 N.M. 705 (1988), cited in *Gomez,* 294 P.3d at 1274. In *Gomez,* the New Mexico Court of Appeals found that the district court erred in granting defendant's motion to enforce an alleged oral settlement agreement because there was no evidence in the record of any evidence that Plaintiff had "clothed" his attorney with the apparent authority to settle his case with defendant. Home Depot will have the opportunity to present evidence and testimony to satisfy its burden of showing that Plaintiff assented to the settlement. Home Depot will also retain the "burden of inconvenience" should it turn out that it entered into a settlement agreement with Mr. Marquez without Plaintiff's consent. *See Gomez v. Jones-Wilson,* 294 P.3d 1269, 1275 (N.M. 2013) ("the

13

burden of inconvenience resulting if the client repudiates the settlement is properly left with the opposing party. . . .").

B.     Case Procedure

The Court intends to hold an evidentiary hearing in order to determine whether Plaintiff gave former counsel authority to enter into a settlement agreement with Home Depot.

   1.     *Matter Will Be Resolved On Evidentiary Hearing*

Defendant urges the Court to treat the matter as a summary judgment motion, where the existence of a factual dispute would require a jury determination of whether the settlement should be enforced. The Court has no intention whatsoever of doing this. In *Gomez,* the district court held a hearing, not a trial. *See Gomez,* 294 P.3d at 1272. In *Navajo Tribe,* it is not clear whether a hearing was held at all. In that case, defendants moved to have the court enter a stipulated settlement, which the court granted; the Tribe filed a motion for reconsideration, which the court denied, and then the matter was appealed. 106 N.M. at 706-707.

Defendant offers no legal support for treating a motion to enforce settlement like a summary judgment motion. In fact, the law is well established that district courts have the power to hold hearings on motions to enforce and to make all the necessary findings. *Samra v. Shaheen Business & Investment Group, Inc.,* 355 F.Supp.2d 483 (D.C. 2005); *Autera v. Robinson*, 419 F.2d 1197, 1200, 1200 n. 9 (D.C.Cir.1969) (collecting cases from various federal circuits); *Moore v. U.S. Postal Service*, 369 Fed.Appx. 712, 717 (6th Cir. 2010) (whether parties actually reached an agreement is a question of fact for the district court and an issue that we review for clear error); *Blackstone v. Brink*, 2014 WL 3896018, at *5 (D.D.C., 2014) (where motion to enforce a settlement agreement is before a district court and there is a genuine dispute as to

whether the parties have agreed to enter into a binding settlement, the court must hold an evidentiary hearing and provide an opportunity for cross-examination) (citing numerous cases).

Contrary to Defendant's position, the district court—not a jury—makes credibility assessments as part of determining whether a settlement agreement exists and whether it should be enforced. *See Blackstone,* 2014 WL 3896018, at 5 (district court makes its own determinations about the credibility of the parties' testimony) (citations omitted); *Samra v. Shaheen Business and Investment Group, Inc*., 355 F.Supp.2d 483, 493 (D.D.C., 2005) (where a genuine dispute exists regarding the existence of an enforceable settlement agreement, the court "must have the opportunity to make credibility determinations and the parties should be afforded the benefit of cross-examination so that factual issues may be adequately explored") (citations omitted).[5] Parties seeking to enforce a settlement agreement have no right to a jury trial given that the relief sought is equitable in nature. *Blackstone v. Brink*, 2014 WL 3896018, at *5 (D.D.C., 2014) (citing *Quijano v. Eagle Main. Servs. Inc*., 952 F.Supp. 1, 3 (D.D.C. 1997)); *Samra v. Shaheen Business & Investment Group, Inc.,* 355 F.Supp.2d at 493 (no right to jury trial on motion to enforce settlement because relief sought is equitable in nature) (citing *Hensley v. E.R. Carpenter Co., Inc.*, 633 F.2d 1106, 1110 n. 5 (5th Cir.1980)).

In most cases, a district court can enforce a settlement agreement summarily. *See Samra v. Shaheen,* 355 F.Supp.2d at 493 (citation omitted). However, where there is a genuine dispute regarding the existence of an enforceable settlement agreement, the court "must have the opportunity to make credibility determinations and the parties should be afforded the benefit of cross-examination so that factual issues may be adequately explored." *Id.; cmp. Vaughn v. Sexton*, 975 F.2d 498, 505 (8th Cir. 1992) (finding that district court's finding that no settlement

---

[5] In *Autera v. Robinson*, there was no opportunity for the court to judge credibility because the affiants were absent. 419 F.2d at 1201.

had been reached between the parties solely on parties' motions was not clearly erroneous). Because a genuine factual dispute exists in this case concerning whether Plaintiff gave his former attorney authority to settle, an evidentiary hearing is necessary.

    *2.       Testimony and Witnesses*

Home Depot will have the burden at the hearing of showing that Plaintiff consented to the settlement. Defendant may satisfy this burden by presenting evidence, including evidence which Defendant is entitled to obtain from Plaintiff's file, as well as testimony elicited from witnesses.

Home Depot contends that Mr. Marquez should be allowed to testify at the hearing. Plaintiff objects to this, claiming that Mr. Marquez cannot be compelled to testify on communications between himself and his former client (although the Court guesses that Mr. Marquez need not be compelled to testify). Doc. 71 at 5. Plaintiff's objection has no merit for several reasons. First, Plaintiff has put these communications at issue by asserting that he never consented to the settlement. As the Court discussed above, information and communication relevant to whether Plaintiff gave former counsel authority to settle is not privileged and may be disclosed to opposing counsel. Second, Plaintiff relies on NMSA 1978 §38-6-6(B) ("privileged communications"), which provides that an attorney cannot be examined as to any privileged communication by his client or on any advice given to his client, without the client's consent. This is a correct representation of the statute, but it does not apply here. Plaintiff overlooks the fact that he has put at issue those communications concerning authority to settle, and thus they cannot be considered privileged. Thus, Mr. Marquez cannot decline to testify on the basis of privileged communications and Plaintiff cannot object to that testimony, as long as those

16

communications concern the sole issue of whether Plaintiff gave Mr. Marquez authority to settle the case.

Third, while Plaintiff opposes compelling Mr. Marquez to testify in his brief, he also states just the opposite. In a letter to defense counsel, Plaintiff's current counsel stated that Plaintiff "believes that Mr. Marquez should be present at the hearing **and subject to examination** . . . solely on the issues of whether Plaintiff consented to the settlement with Home Depot . . . ." Doc. 71-1 (emphasis supplied in original). The letter also states that Plaintiff is "prepared to testify on the issue of whether he ever gave Mr. Marquez authority to settle this case with Home Depot.[6] This would also mean that Plaintiff is prepared to be examined on the issue as well, as required under the statute cited by Plaintiff himself:

> If a person offers himself as a witness and voluntarily testifies with reference to the communications specified in this section, that is a consent to the examination of the person to whom the communications were made as above provided.

NMSA § 38-6-6(D).   Accordingly, both Plaintiff and Plaintiff's former counsel shall be expected to be present as witnesses at the evidentiary hearing to resolve the question of whether there is an enforceable settlement agreement.

**THEREFORE,**

**THE COURT FINDS AND ORDERS** that:

1. Plaintiff is entitled to his complete client file, and former counsel is hereby ordered to turn over the file, or a *complete copy* of the file, to Plaintiff in its entirety **on or before Wednesday, March 25, 2015**;

2. Plaintiff has not waived attorney-client privilege as a general matter. However, based on Plaintiff's assertion that he did not authorize former counsel to settle this lawsuit, the

---

[6] Plaintiff refers to the hearing which the Court held on February 4, 2015, but there is no reason not to assume that Plaintiff's representations apply to a future hearing where the Court will accept evidence and testimony on these matters.

Court finds that certain information cannot be considered privileged or confidential, as described in the Court's findings above.  Therefore, **within two weeks following Plaintiff's receipt of his complete client file** (which former counsel is ordered to perform by the date specified above), **Plaintiff shall disclose to Home Depot any and all information and communications that relate to the sole issue of whether Plaintiff authorized former counsel to enter into settlement with Defendant.**   As discussed above, Home Depot is not entitled to work product material that concerns counsel's mental impressions, conclusions, opinions or legal theories.

3. The Court will hold an **evidentiary hearing on Defendant's Motion to Enforce Settlement (Doc. 44)** on **Thursday, April 30, 2015** at **9:00 a.m.** in the Bonito Courtroom, 5th Floor, of the United States Courthouse.

Parties shall present evidence and testimony, based on which the Court shall make a dispositive determination regarding whether the settlement should be enforced.  Plaintiff will be expected to testify, and be subject to cross-examination; and Plaintiff's former counsel shall also be available for examination.  All testimony will be limited to the sole issue of whether Plaintiff gave authority to former counsel to settle this lawsuit.

4. The hearing will address only Defendant's Motion to Enforce Settlement and will not be, as Plaintiff suggests, a two-part hearing which addresses first, whether former counsel breached a duty to his client and second, whether the settlement should be enforced.  The Court is not going to allow Plaintiff to morph his personal injury case against Home Depot into a legal malpractice case against his former counsel.  The Court will not consider or make findings on any issues related to whether Plaintiff's former counsel breached his duties of legal representation, recognizing that Plaintiff is not precluded from filing a separate lawsuit on that issue at a later time.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE