IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE DURAN,

      Plaintiff,

vs.                                                  Case No. CIV 13-0608 WPJ/SCY

HOME DEPOT USA, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR ORDER TO SHOW CAUSE AND FOR SANCTIONS
and
COURT'S FINDINGS REGARDING PLEADING FILED *EX PARTE***

THIS MATTER comes before the Court upon Plaintiff's Motion for Order to Show Cause and for Sanctions **(Doc. 57)**; and sua sponte on the matter of the Court's Order to Show Cause as to Why Pleading Should Not be Made Public **(Doc. 60)**. Having reviewed the parties' briefs and applicable law, the Court finds that (1) Plaintiff's request for sanctions is DENIED and (2) that Plaintiff's *ex parte* response (Doc. 59) shall remain sealed as *ex parte* as to Exhibits E, F and H, but shall be unsealed and made public as to the response brief itself and Exhibits A, B, C, D and G.

The issues presently before the Court arise from a letter of agreement that was executed by counsel for both parties to memorialize terms of a settlement reached after negotiations between Mr. Arthur Smith, counsel for Home Depot and Plaintiff's former attorney, Mr. Richard Marquez, who was allowed to withdraw from the case. Doc. 69.

**I.**      **Plaintiff's Motion for Order to Show Cause and for Sanctions (Doc. 57).**

Plaintiff's current counsel, Mr. Jesse Jacobus, seeks sanctions against Mr. Marquez for failing to turn over Plaintiff's file to him and forcing him to file a subpoena in order to get it. Mr. Jacobus requested the file from Plaintiff's former counsel on the day he entered the case, November 18, 2014. Mr. Marquez did not immediately respond to the request, and Mr. Jacobus sent him a second letter on November 20th, advising that he would issue a subpoena for the file if it was not produced. Mr. Jacobus issued a Rule 45 subpoena the next day. Mr. Marquez did not respond until December 4, 2014, stating that he would not produce the file until Plaintiff paid him $535.00 for copying the file. He also asserted that because some of the file contents were protected by attorney client privilege, he required Plaintiff as well as current counsel to agree to an Order waiving that privilege, and to indemnify and hold him harmless against any claims. Doc. 57-4, Ex. D. Mr. Jacobus informed Mr. Marquez that the request for copying costs was improper, and that he should get copies for himself if he chose but had no basis to ask Plaintiff for covering the cost of copying. Doc. 57-5, Ex. E at 1. Mr. Marquez responded by insisting on the $535 for the file. Doc. 57-6, Ex. F.

In his *ex parte* response, Mr. Marquez asserts that it has always been his intention to provide Plaintiff with a complete copy of his client file and that he is only asking for the cost and expenses incurred in copying the file. Doc. 59-7, Exs. D & G. He claims that the copied file was ready for Mr. Jacobus to pick up by December 3rd, the day before the subpoena was issued, and that the file was ready for pickup since December 5th. He also claims that the copying required some time to complete, since Plaintiff's file is more than 1000 pages, and that some documents needed to be burned onto a CD disk. Mr. Marquez also claims that any delay in getting the file copied was the result of the intervening Thanksgiving holidays and his

involvement in pending jury trials, although Mr. Jacobus expresses some skepticism as to the validity of those reasons.  *See* Doc. 64, Exs. B & D.

The Court has no intention of spending time and resources getting bogged down in details that have nothing to do with the important issues in this case and are before the Court only because Plaintiff's former and current counsel cannot work out certain logistical details.  Plaintiff is entitled to his file, and everything in it.  Doc. 74 at 17.   What should have been a simple exercise was made unduly complicated because Plaintiff did not want to pay for his file. Plaintiff's current counsel is quick to point out the error of former counsel's ways, but there is plenty of blame here to go around. Plaintiff's former counsel declined to produce the file until he was reimbursed for copying costs and expenses.   Plaintiff is not claiming that he has already paid former counsel a retainer and that the copying costs should come out of that; nor is he complaining that the copying charges are unreasonable.  He simply absolves himself of any obligation to pay for any of the costs incurred in copying the file and contends that former counsel is holding Plaintiff's file "hostage" for a "ransom" fee.[1]  Doc. 64 at 7, ¶¶ 20 & 21.

It is Plaintiff's position that it untenable here.  Under Rule 16-116(D) NMRA, an attorney is required to turn over to his client all papers and property to which he is entitled.  Relying on that rule, Plaintiff's counsel notes that an attorney "may retain papers as security for a fee only to the extent permitted by law."  *See* Rule 16-116(D), committee commentary No. 9.   However, no reasonable interpretation of this language requires an attorney to pick up the costs and expenses of copying the file where the client switches attorneys before the case is resolved, and the Court finds nothing unreasonable in expecting the client to pick up these costs if he decides to do so.

---

[1]  Mr. Jacobus did balk about having to pay an additional $334.38 for a copy of Plaintiff's deposition, in addition to the $535.00 owed for copying the file, but there was no discussion in any of the correspondence questioning the $535.00 charge was unreasonable given the bulk of Plaintiff's file. *See* Doc. 64-5, Ex. E.

In addition, when Mr. Marquez did not immediately respond to Plaintiff's request for the client file, Mr. Jacobus decided to issue a subpoena instead of seeking formal intervention from the Court to compel its production. This promptly led to a legal quagmire, with Defendant then claiming it had a right to Plaintiff's file as well. *See* Doc. 62.

As a result, the Court sees the issue as a "wash." It is true that Plaintiff's former counsel did not respond to Plaintiff's request for the file until the Court ordered him to do so. Doc. 67 at 1, n.1.[2] However, the reason the file was not produced was because Plaintiff refused to reimburse his attorney for copying costs to which he is entitled. Mr. Marquez' later objection to production of the file based on attorney-client privilege is indeed bogus, in light of the fact that Plaintiff was asking for his own client file, but Plaintiff was still refusing to pay for the copying costs. Further, the privilege objection was not so frivolous considering that Mr. Jacobus' curious decision to compel production of the file with a Rule 45 subpoena had potentially exposed Plaintiff's client file to disclosure to a third party—Defendant.

For these reasons, the Court DENIES Plaintiff's request for sanctions against former counsel.

## II.     Sealed *Ex Parte* Response

Mr. Marquez filed his response to Plaintiff's Motion for Order to Show Cause and for Sanctions *ex parte*. Doc. 59. As an *ex parte* pleading, the response would have been viewable by Plaintiff's current attorney as representing the same party, but it would not have been

---

[2]   The Court has advised Mr. Marquez to add the copying costs and expenses to the attorney fee lien he had already filed. See Doc. 68 (Clerk's Min.) at 2.

accessible to Defendant.[3]   The Court ordered the parties to show cause why the pleading could not be made public.  Doc. 60.    The pleading consists of a brief and eight exhibits, A to H.

Not surprisingly, Home Depot weighed in on the matter claiming that it is entitled to Plaintiff's entire client file.  The Court summarily rejects this position, based on its recent findings, concluding that Defendant is entitled to information and communication on the sole issue of whether Plaintiff authorized former counsel to settle this case, but that Defendant is not entitled to any work product material which constitutes former counsel's mental impressions, conclusions, opinions or legal theories.  Doc. 74 at 17-18.

The Court has reviewed the *ex parte* response and attached exhibits, and agrees with Plaintiff's current counsel that the brief itself contains only vague assertions about attorney-client privilege and former counsel's narrative description of reasons why Plaintiff's file was not produced.  As such, the pleading need not be sealed from public viewing.   Also, a few of the attachments are letters which contain statements that are against Plaintiff's interests in this litigation: Exhibits E, F and H, and thus these exhibits should remain sealed.  The other exhibits, Exs. A, B, C, D & G do not contain any material which would be inappropriate to disclose to the opposing party and should be unsealed for public viewing.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Order to Show Cause and for Sanctions (**Doc. 57**) is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that on the Court's Order to Show Cause as to Why Pleading Should Not Be Made Public (**Doc. 60)**, the Clerk of Court is directed to do the following:

---

[3]  Mr. Marquez also stated that he had faxed, e-mailed and mailed a copy of the response to Mr. Jacobus.  Doc. 61 at 2, ¶ 4.

(1) **UNSEAL** Plaintiff's Response Brief that is filed *ex parte* (Doc. 59) and make it available for public viewing;

(2) **UNSEAL** Exhibits A, B, C, D & G which are attached to Doc. 59 and make them available for public viewing; and

(3) **KEEP SEALED AS *EX PARTE* DOCUMENTS**: Exhibits E, F & H, because they broach what the Court considers potentially privileged communications or work product and would not be suitable for disclosure to Defendant.

_____
UNITED STATES DISTRICT JUDGE