## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

JOE DURAN,

        Plaintiff,

      vs.                                                      Case No. CIV 13-0608 WPJ/SCY

HOME DEPOT USA, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSISDERATION

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration, Discovery, or in the Alternative for Clarification, filed June 3, 2015 **(Doc. 83)**. The Court sees no reason to require Defendant to respond to this motion, which the Court finds meritless, and which the Court shall deny.

### BACKGROUND

Plaintiff filed this personal injury case on February 8, 2013 in the Second Judicial District Court, County of Bernalillo. Defendant Home Depot removed the case to federal court based on diversity jurisdiction. On August 13, 2014, in the early discovery stage, Home Depot advised the Court that the parties had resolved the case. Doc. 40. In mid-July 2014, a letter of agreement was executed by counsel for both parties to memorialize the terms of a settlement reached after negotiations between Plaintiff's counsel at the time, Richard Marquez, Esq. and Mr. Duran.[1] *See* Doc. 44, Ex. A (July 18, 2014 letter by Home Depot confirming settlement). Plaintiff has taken the position that he never authorized Mr. Marquez to settle his case. Mr.

---

[1]  The procedural history of the case, as well as other details surrounding the present dispute, can be found in the Court's other orders. *See, e.g.,* Docs. 74 and 75.

Marquez was allowed to withdraw from the case, Doc. 69, and Plaintiff is currently represented by Mr. Harry Jesse Jacobus.

The Court ordered supplemental briefing on the issues relevant to the Court's inquiry in whether settlement had been authorized. *See* Doc. 67.   One of the issues on which the parties could not agree concerned the disclosure and production of parts of Plaintiff's client file which was then in the possession of Mr. Marquez.   The Court conducted a detailed analysis of the applicable privilege issues and set forth the law that would govern the only question that was pending: whether Plaintiff authorized Mr. Marquez to settle his case with Home Depot.   Doc. 74.   The Court concluded that Plaintiff was entitled to his complete client file, and also that Plaintiff was required to disclose to Defendant "any and all information and communications that relate to the sole issue of whether Plaintiff authorized former counsel to enter into settlement with Defendant." Doc. 74 at 17-18.

An evidentiary hearing was held on the matter on April 30, 2015 (Doc. 76, Clerk's Minutes).   The Court determined, after hearing evidence and testimony, including testimony from both Plaintiff and Mr. Marquez, that Home Depot presented clear and convince evidence that Dr. Duran authorized Mr. Marquez to settle his lawsuit against Home Depot for $60,000. The Court found Mr. Marquez' testimony to be credible and that this testimony was supported by evidence in the form of his attorney notes which he kept contemporaneously throughout his representation of Plaintiff.   The Court determined that Mr. Duran's testimony was "questionable," because of irreconcilable inconsistencies (Doc. 74 at 12-13) and in light of the evidence present by Mr. Marquez supporting his testimony, despite the fact that Plaintiff offered polygraph evidence to bolster his position that he never authorized the settlement.   The Court conducted a separate analysis regarding the admissibility of the polygraph evidence, and found

that it was unreliable under the standards set forth under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and that it did not meet the balancing requirements of Rule 403.

The Court found in favor of Home Depot on the settlement issue and ordered Defendant to deposit the settlement amount in the Court Registry, pending Plaintiff's signing of a release form.   In addition, Mr. Marquez was ordered to assert his charging lien for his prior representation of Plaintiff.[2]   Plaintiff has now filed the instant Motion for Reconsideration.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide a specific procedural mechanism pursuant to which a party may file a "motion to reconsider." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). However, a motion to reconsider is appropriate where a trial court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Huff v. UARCO, Inc*., 925 F.Supp. 550, 561 (N.D. Ill. 1996); *Benedictine College v. Century Office Products*, 866 F. Supp. 1323, 1326 (D. Kan. 1994) (a motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces evidence that could not have been obtained through the exercise of due diligence). The Court may determine a motion to reconsider is justified if there has been an intervening change in controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The decision whether to grant a motion to reconsider is committed to the sound discretion of the trial court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995).

---

[2]  Mr. Marquez was directed to add the copying costs and expenses to the attorney fee lien. *See* Doc. 75 at 4, n.2.

3

*Credibility Findings*

Plaintiff's submission does not satisfy any of the above instances and warrants no reconsideration on any of the stated grounds, each of which the Court will discuss in turn. First, Plaintiff takes issue with the Court's credibility assessment, contending that the Court's findings are erroneous because the Court "simply believed Mr. Marquez, more than it believed Plaintiff." Doc. 83 at 8, and 14-15.   The Court did in fact make credibility findings because it was required to do so. *See Blackstone v. Brink,* 2014 WL 3896018, at 5 (D.D.C., 2014) (district court makes its own determinations about the credibility of the parties' testimony) (citations omitted); *Samra v. Shaheen Business and Investment Group, Inc*., 355 F.Supp.2d 483, 493 (D.D.C., 2005) (where a genuine dispute exists regarding the existence of an enforceable settlement agreement, the court "must have the opportunity to make credibility determinations and the parties should be afforded the benefit of cross-examination so that factual issues may be adequately explored") (citations omitted).  Plaintiff bases this argument on minor inconsistencies in Mr. Marquez' testimony at the hearing.  These are the same minor inconsistencies which the Court has already discussed and found to be "barely worth mentioning."  Doc. 77 at 13.   At the same time, the Court found several reasons for not finding Mr. Duran's testimony to be credible because it was self-contradictory in several instances, and because accepting Mr. Duran's testimony would require rejecting Mr. Marquez' detailed attorney notes which spanned a three-month period as an utter sham. *See* Doc. 77 at 12.  The Court rejected some of Mr. Duran's testimony because it made no sense.  For example, Mr. Duran claimed that he never received any of the letters sent to him throughout his representation by Mr. Marquez, which would have included the one sent to Plaintiff enclosing Home Depot's letter confirming the settlement, when there was no indication that the address Mr. Marquez had on file for him was incorrect.  *Id.* at 13.   Mr. Duran also

claimed that he told Mr. Marquez he thought $60,000 was too low, which contradicted his statement that Mr. Marquez never advised him of any of the counter-offers presented by Home Depot. Counsel offers no good reason to reconsider the Court's credibility findings.

Plaintiff also claims that the Court did not need to make credibility findings at all, and that the burden for Home Depot was to present clear and convincing evidence that Plaintiff had authorized settlement.   However, Plaintiff was insisting that he never authorized Mr. Marquez to settle his case with Home Depot while Mr. Marquez contended that Plaintiff had authorized settlement.  Given the procedural posture of the controversy at hand, there was no way for the Court to decide the matter without making credibility findings.  Moreover, since there were not any recordings of the face to face and telephone conversations between Mr. Marquez and Mr. Duran, the crucial evidence presented at the hearing took the form of testimony by Mr. Marquez and Mr. Duran, contemporaneous notes made by Mr. Marquez over the few months he represented Mr. Duran, and phone logs which corroborated those notes.   This evidence was sufficient to allow the Court to decide the issue, and sufficient for the Court to come to the conclusion that Home Depot had met its burden.  Thus, there is nothing for the Court to reconsider regarding the evidence that was presented at the hearing..

*Challenges to Evidence Admitted At Hearing*

Not giving up on the credibility issue, Plaintiff approaches it from another angle, contending that the Court disregarded "important evidence" that bears on Mr. Marquez' credibility.   Doc. 83 at 12-14.   This is another attempt by Plaintiff's counsel to raise a breach of duty issue, even after the Court stated that this issue was not part of this case, as Plaintiff's counsel acknowledges:

> The Court is not going to allow Plaintiff to morph his personal injury case against
> Home Depot into a legal malpractice case against his former counsel. The Court

> will not consider or make findings on any issues related to whether Plaintiff's
> former counsel breached his duties of legal representation, recognizing that
> Plaintiff is not precluded from filing a separate lawsuit on that issue at a later
> time.

*See* Doc. 74 at 18.   Notwithstanding that admonition, Plaintiff's counsel proceeds to argue that

the Court's admission of Mr. Marquez' notes and letters as evidence "opened the door" to permit

Defendant to use these notes and letters "**as evidence based on breach of duty**, without

intending to decide whether Mr. Marquez breached any duty."  Doc. 83 at 13 (emphasis added).

Counsel's statement that the evidence admitted at the hearing was based on breach of duty is not

only misguided, but is also wholly unfounded given the Court's very clear directive that while

Plaintiff's counsel could pursue a separate legal malpractice action against Mr. Marquez, that

issue would not be considered in this lawsuit.   It is not clear what counsel seeks to have the

Court reconsider, but it seems that counsel is inviting the Court to take up the breach of duty

issue by mischaracterizing the evidence that was admitted at the hearing.  Evidence was admitted

at the hearing for the purpose of resolving one question only: whether Mr. Duran had agreed to

settle his case with Home Depot for $60,000.   The Court did not misapprehend any fact or law

pertaining to this case, and there is no reason to reconsider its decision not to allow evidence

relating to an alleged breach of duty by Mr. Marquez.

Plaintiff's counsel baldly claims, without explanation or support, that this Court

"expressly refused to let Plaintiff develop" any evidence relating to Mr. Marquez' statement at

the hearing that Mr. Duran "wanted to settle fast."  Doc. 83 at 12.   There is nothing to

reconsider here.  All parties were afforded the same notice of evidentiary hearing and there is no

record of Plaintiff's counsel seeking specific discovery that was relevant to the settlement issue.

*Polygraph Evidence*

Last, Plaintiff claims that he was "ambushed" by Defendant's *Daubert* and Rule 403 balancing objection to the polygraph testimony proffered by Plaintiff.   Doc. 83 at 8-10. Although Defendant had notice of this evidence prior to the hearing, Home Depot raised an objection to this evidence for the first time at the hearing.  This is not a basis for reconsideration. First, the settlement issue was before the Court on an evidentiary hearing, which is more stream-lined (and possibly more cost-effective for counsel) than a full-blown trial and many evidentiary matters are truncated for that reason.  Second, the Court's *Daubert* ruling would have been the same whether it was made at a separate hearing prior to the evidentiary hearing, or after the hearing after hearing all the evidence.[3]

Moreover, regardless of whether Defendant objected to the polygraph evidence before or during the hearing, the Court was tasked with its gatekeeping role to ensure that such testimony is both reliable and relevant.  *See Daubert,* 509 U.S. 579.  Thus, there is no basis to reconsider the Court's ruling on the polygraph testimony and evidence.  Plaintiff cites to a few cases which held this type of evidence to be admissible, but they are not precedential and thus are insufficient to persuade the Court to reconsider its ruling.   However, it is worth discussing one of the cases cited by Plaintiff's counsel—one which this Court decided and which is attached as Exhibit I to the motion.   Plaintiff relies on this case to "remind" this Court that it has, "in the past, considered state court analysis of polygraph evidence relevant."  Doc. 83-9 at 11.

This Court made no such finding.  Quite the contrary, in that opinion, *U.S. v. Jose Prieto-Lozano,* Criminal No. 02-2164 MCA,[4] the Court concluded that "the results of polygraph testimony are not sufficiently reliable for admissibility in this case."  *Id.,* Doc. 83-9 at 5.  Nor did

---

[3]  In its Memorandum Opinion and Order following the hearing, the Court would not change its findings on Mr. Duran's credibility even if the polygraph evidence were admissible.  Doc. 77 at 14.

[4]  Although the caption indicates that Chief United States District Judge M. Christina Armijo presided over the case, the undersigned authored the opinion.   Criminal No. 02-2164, Doc. 54.

the Court make any finding in that case that polygraph evidence in general was reliable.  Rather, the Court found that it "invades the jury's exclusive role in making credibility determinations" and as a result, was inadmissible.  *Id.* at 5-6.    Plaintiff's description of the holding in *Jose Prieto*-Lozano is a gross misrepresentation, and the Court can only assume that Plaintiff's counsel did not make this misrepresentation deliberately.

Finally, Plaintiff asks the Court to clarify its Memorandum Opinion and Order (Doc. 77) to make clear that its Order does not preclude Plaintiff from bringing a legal malpractice claim against Mr. Marquez.  Doc. 83 at 1, n.1.  The Court declines to expand the findings contained in its Memorandum Opinion and Order filed May 6, 2015 beyond what is contained in the four corners of the document.

**THEREFORE,** because Plaintiff's counsel has presented the Court with no legal or factual basis to revisit issues which it has already carefully considered, Plaintiff's Motion for Reconsideration, Discovery, or in the Alternative for Clarification **(Doc. 83)** is hereby **DENIED.**

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE